**Michael Alan CROOKER, Appellant**

v.

**Robert WERLINGER, Warden.**

No. 10–2471.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 30, 2010.

Filed: Oct. 14, 2010.

Michael Alan Crooker, Loretto, PA, pro se.

Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Robert Werlinger.

Before: BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

## OPINION

### PER CURIAM.

Michael Alan Crooker, a federal prisoner, filed an action styled as a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania. He alleged that his "incoming mail has and continues to be unduly delayed in violation of [Bureau of Prisons ("BOP")] policy" and that his "outgoing mail has and continues to be broken into and surreptitiously inspected and read in violation of BOP regulations." He specifically noted that "I am not attacking my conviction here," and asked for unspecified declaratory and injunctive relief.

The District Court denied the petition, agreeing with the Magistrate Judge that Crooker was subject to the "three-strike" rule of 28 U.S.C. § 1915(g),[1] and that he pursued relief under § 2241 to avoid the filing fee applicable to suits alleging interference with access to mail. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing a private cause of action to recover damages against a federal agent for violations of constitutional rights). Crooker appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because we have granted Crooker IFP status pursuant to 28 U.S.C. § 1915, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis in fact or law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We may summarily affirm if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Crooker's § 2241 petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Instead, Crooker complains that prison officials interfered with his incoming and outgoing mail. These claims have no bearing on the validity of his conviction and a favorable resolution would not result in an earlier release from prison. The claims, therefore, do not reach the "core of habeas," and are not cognizable in a § 2241 petition. *See Leamer v. Fauver*, 288 F.3d 532, 542–44 (3d Cir.2002).

For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).

---

1. That rule provides that a prisoner may not be granted *in forma pauperis* ("IFP") status if, on three or more occasions, he brought an action that was dismissed as frivolous. *See* 28 U.S.C. § 1915(g).